UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:                                          CIVIL ACTION
RELIABLE ONSHORE                                NO. 13-332
SERVICES CO., LLC,
DEBTOR

                                                SECTION F

ORDER AND REASONS

Before the Court is Trustee Aaron E. Caillouet's motion to withdraw the reference of an adversary proceeding. For the reasons that follow, the motion is GRANTED.

**Background**

This matter involves an adversary proceeding filed in the captioned Chapter 7 bankruptcy proceeding of Reliable Onshore Services, Co., LLC, Bankruptcy Court Case Number 10-13693. Aaron E. Caillouet is the Trustee of the bankruptcy estate.

On October 2, 2012, the Trustee filed this adversary proceeding against Louisiana Delta Farms, LLC and Louisiana Delta Oil Company, LLC, in which the Trustee seeks to recover (i) under Louisiana's open account statute (La.R.S. § 9:2781) for amounts due under unpaid invoices issued by Reliable Onshore to the defendants; and (ii) for turnover of these amounts under 11 U.S.C. § 542(a). The adversary proceeding was automatically referred to the

bankruptcy court.  See Local Rule 83.4.1.[1]  In answering the lawsuit, the defendants demand a jury trial.

The Trustee now requests that the Court withdraw the reference from the bankruptcy court.

I.

The Trustee contends that the presence of the defendants' jury demand requires withdrawal of the reference of the adversary proceeding.  The Court agrees.

28 U.S.C. § 157(d) governs mandatory and permissive reference withdrawal.  With respect to permissive withdrawal, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] on its own motion, or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[2]  28 U.S.C. § 157(e) is triggered by jury demands:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if

---

[1] Local Rule 83.4.1 of the Eastern District of Louisiana provides that all cases under Title 11 and any case arising in or related to cases under Title 11 are automatically "transferred by the district court to the bankruptcy judges of this district."

[2] In deciding whether the withdraw the reference, the Court typically considers the following factors: (a) whether the proceedings involve core bankruptcy matters; (b) the interests of judicial economy; (c) promoting uniformity in bankruptcy administration; (d) reducing forum shopping and confusion; (e) fostering economical use of the debtor's and creditor's resources; (f) expediting the bankruptcy process; and (g) whether there has been a jury demand.  Sout Louisiana Ethanol v. Agrico Sales, Inc. (In re So. La. Ethanol), No. 11-3059, 2012 WL 174646, at *5-6 (E.D. La. Jan. 20, 2012).

>   specifically designated to exercise such jurisdiction by
>   the district court and with the express consent of all
>   the parties.

But as the local rules of the bankruptcy court make clear[3] and another Section of this Court observed, the bankruptcy court has not been designated to conduct jury trials. In re Bacock & Wilcox, Co., No. 01-1187, 2001 WL 1018366, at *6 (E.D. La. July 2, 2001)("Bankruptcy courts in this district are not authorized to conduct jury trials.  Generally, the inability of a bankruptcy court to hold a jury trial in a related matter is a ground for a district court to withdraw the reference from a bankruptcy court.").  Because the defendants in the adversary proceeding have demanded a jury trial, and the bankruptcy court is not authorized to conduct jury trials, the Trustee has established cause for withdrawing the reference of the adversary proceeding from the bankruptcy court.  Accordingly, the Trustee's motion is GRANTED.

New Orleans, Louisiana, March 6, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Local Bankruptcy Rule 9015-1 provides: "Jury trials are not held in this court."